## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

HOWARD J. LONON )
    6052 Edsall Road )
    Apt. 201 )
    Alexandria, Virginia 22304 )
 )
 )
    Plaintiff, )
 )
    v. )
 ) Case No. _____
WASHINGTON METROPOLITAN )
AREA TRANSIT AUTHORITY )
    600 Fifth Street, N.W. )
    Washington, D.C. 20001 )
 )
    Serve:  Patricia Lee, Esquire )
          General Counsel, WMATA )
          600 Fifth Street, N.W. )
          Washington, D.C. 20001 )
 )
    Defendant. )

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Howard J. Lonon and for his Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA") states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Authority Compact (the "Compact"), which establishes original jurisdiction in this Court over WMATA matters pursuant to the Compact, Art. III § 4 and Art. XVI § 81, adopted in the District of Columbia Code at § 9-1107.10.

2.     Venue in this action properly lies in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391, insofar as WMATA is located in this federal judicial district.

## PARTIES

3.     Plaintiff Howard J. Lonon (hereinafter "Plaintiff") is an adult resident of the Commonwealth of Virginia, residing at 6052 Edsall Road, Apt. 201, Alexandria, Virginia 22304.

4.     Defendant WMATA (hereinafter "Defendant" or "WMATA"), created effective February 20, 1967, is an interstate compact agency and, by the terms of its enabling legislation, is an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia.

5.     At all relevant times, WMATA was the owner of the transit bus being operated by its employee bus driver ("the Bus Operator").  At all relevant times, the Bus Operator was acting in the course and scope of his employment and/or agency with WMATA, thereby rendering WMATA vicariously liable for all of his tortious acts and omissions in causing Plaintiff's injuries.  WMATA is also liable for the Bus Operator's tortious acts and omissions pursuant to Article XVI § 80 of the Compact and pursuant to WMATA's June 15, 2006, Revised Indemnification Policy, Resolution Number 2006-32.

## FACTS

6.     On May 10, 2016, at approximately 9:00 a.m., Plaintiff boarded the 16A Metrobus (the "Bus") at Columbia Pike and Orme Street, Arlington, Virginia, behind another passenger. Plaintiff was on his way to start a new job.

2

7.      The passenger in front of Plaintiff (the "unknown passenger") was having difficulty with his Metrocard and a conversation between the Bus Operator and the unknown passenger ensued.

8.      Throughout the conversation, Plaintiff remained standing behind the unknown passenger, waiting to pay his fare.

9.      At all relevant times herein, both Plaintiff and the unknown passenger were clearly standing in front of the yellow standee line on the Bus (the "Standee Line").

10.     While the conversation continued, and prior to Plaintiff or the unknown passenger paying his fare, the Bus Operator closed the Bus doors and accelerated away from the stop, all the while looking at and conversing with the unknown passenger.

11.     As a direct and proximate result of the Bus Operator accelerating the Bus, Plaintiff, who was not anticipating the Bus to move, was not secure, and was still in front of the Standee Line, was thrown violently into the solid metal handrail and box to his left. The entire incident was captured on the Bus' own camera system.

12.     Plaintiff immediately grabbed his left arm, ribs, and chest in pain.

13.     Plaintiff was transported to Virginia Hospital Center by ambulance where he was treated for injuries suffered as a direct and proximate result of the Bus Operator's negligence as aforesaid.

14.     Plaintiff sustained injuries to his left arm, ribs, chest, and eye as a direct and proximate result of the Bus Operator's negligence.

15.     Plaintiff has undergone substantial medical treatment since the incident for injuries suffered as a direct and proximate result of the Bus Operator's negligence as aforesaid.

16.     At no time did Plaintiff act in a negligent manner, nor did he assume any risk.

3

17.     At the time of the occurrence, the Bus Operator was an agent and/or employee of Defendant and was operating the Bus within the course and scope of his employment and/or agency with Defendant, which is vicariously liable and otherwise legally responsible for his actions.

18.     At the time of the occurrence, the Bus Operator was operating the Bus with the consent of Defendant.

### COUNT I
### (Negligence and Negligence Per Se)

19.     The preceding paragraphs are incorporated by reference as though fully set forth herein.

20.     Plaintiff brings this claim for his individual injuries suffered as a result of Defendant's negligence and negligence per se.

21.     All acts and omissions of Defendant's agent, servant, and/or employee, the Bus Operator, were carried out within the scope of his employment and/or agency while performing a proprietary function as an employee of WMATA, rendering WMATA legally and statutorily liable.

22.     The aforesaid incident was caused by and was the direct, sole, and proximate result of the negligence of Defendant's agent, servant, and/or employee.

23.     Defendant, through its agent, servant, and/or employee, had a duty of care to operate the Bus in a proper fashion with the degree of care and skill that a reasonably competent driver would have exercised under similar circumstances.

24.     At all relevant times herein, there was in effect Va. Code § 46.2-852, which provides: "Irrespective of the maximum speeds permitted by law, any person who drives on any

highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving."

25.    By the Bus Operator's acts and omissions as aforesaid, WMATA violated Va. Code § 46.2-852, which was intended to protect persons such as Plaintiff.

26.    At all relevant times herein, there was in effect Arlington County Code § 14.2-16 which provides: "No person shall operate a motor vehicle upon the highways of this County without giving his full time and attention to the operation of the vehicle."

27.    Arlington County Code § 14.2-16 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither WMATA nor the Bus Operator can offer an explanation as to the Bus Operator's violation of such regulation, thereby rendering WMATA negligent *per se* (i.e., as a matter of law).

28.    At all relevant times herein, federal law required that the Bus be equipped with a "standee line" plainly marked, with a line of contrasting color at least 2 inches wide so as to indicate to any person that he/she is prohibited from occupying a space forward of a perpendicular plane drawn through the rear of the driver's seat and perpendicular to the longitudinal axis of the Bus. *See, 49 C.F.R. 392.30*.

29.    At all relevant times herein, the Bus was, in fact, equipped with the Standee Line.

30.    At all relevant times herein, federal law prohibited the Bus Operator from driving the Bus unless all standees on the Bus were rearward of the standee line. *See, 49 C.F.R. 392.62*.

31.    49 C.F.R. § 392.62 was enacted to prevent the type of incident that occurred (and to protect persons such as Plaintiff), and neither WMATA nor the Bus Operator can offer an explanation as to the Bus Operator's violation of such regulation, thereby rendering WMATA negligent *per se* (i.e., as a matter of law).

32.     At all relevant times herein, the Bus Operator was required to comply with WMATA's "Metrobus Standard Operating Procedures," dated December 2013 ("WMATA SOPs").

33.     According to the Preface of the WMATA SOPs, "Adherence to the rules set forth in [the WMATA SOPs] is required of all personnel working in and around the bus system and will enable us to continue to provide the safest and most reliable system possible." *Id.*

34.     At all relevant times herein, WMATA SOP 10.5.21, under the heading "Leaving the Service Stop/Prepare to Move," required that "[a]fter completing fare transactions, check that customers are secure (customers should be seated or holding onto stanchion or handrails) and prepared for bus movement."

35.     Defendant, through its agent, servant, and/or employee, breached the aforesaid duties of care, breached the applicable standards of care, and was negligent and/or negligent *per se* in the following ways, *inter alia*:

(a)     Failure to ensure the safety of its boarding passenger, Plaintiff, by ensuring that he was secure prior to moving the Bus;

(b)     Failure to ensure that all passengers, including Plaintiff, were rearward of the standee line prior to moving the Bus;

(c)     Failure to pay full time and attention to the operation of the Bus;

(d)     Operating and maintaining an unsafe and hazardous bus service environment;

(e)     Failure to operate the Bus safely;

(f)     Failure to adhere to the above-described WMATA SOPs, which reflect applicable standards of care; and

(g)      Violating the above-listed local and federal statutes and regulations without explanation.

36.      Plaintiff's personal injuries were a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee.

37.      Plaintiff acted properly in all respects and was free from negligence in connection with this incident.

38.      As a direct and proximate result of the aforesaid wrongful acts and neglect of Defendant's agent, servant and/or employee, Plaintiff suffered serious and permanent emotional and bodily injuries including, *inter alia*, injuries to his left arm, ribs, chest, and eye.

39.      As a further direct and proximate result of Defendant's negligent acts, Plaintiff suffered and will continue to suffer intense physical and emotional pain and suffering.

40.      As a further direct and proximate result of Defendant's negligent acts, Plaintiff incurred and may in the future continue to incur significant medical expenses.

41.      As a further direct and proximate result of Defendant's negligent acts, Plaintiff incurred lost wages and may continue to incur lost wages and a loss of earnings capacity.

42.      As a further direct and proximate result of Defendant's negligent acts, Plaintiff was, and continues to be, prevented from pursuing his normal routine and customary activities.

43.      For such injuries proximately resulting from Defendant's negligent conduct, Defendant is liable to Plaintiff for compensatory damages in the amount of Two Hundred and Fifty Thousand Dollars ($250,000.00), which amount shall be proven at trial.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against the Defendant, as follows: (1) compensatory damages in the amount of Two Hundred and Fifty

Thousand Dollars ($250,000.00), which shall be proven at trial; (2) pre- and post-judgment interest; (3) costs; and (4) such other and further relief as this Court may deem just and proper.

## JURY TRIAL REQUESTED

Plaintiff, by counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

Howard J. Lonon

By:     Peter C. Grenier, Esq., D.C. Bar #418570
Kenneth J. LaDuca, D.C. Bar #1031173
GRENIER LAW GROUP PLLC
1400 L Street, N.W., Suite 420
Washington, D.C. 20005
pgrenier@grenierlawgroup.com
kladuca@grenierlawgroup.com
Tel: (202) 768-9600
Fax: (202) 768-9604

Dated: December 21, 2016